# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 8, 2026

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| JANIS BERSON, | \* |
| | \* |
| Petitioner, | \* No. 20-1660V |
| | \* |
| v. | \* Special Master Gowen |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Patrick Kelly,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Mary E. Holmes,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On November 23, 2020, Janis Berson ("petitioner") filed her claim in the National Vaccine Injury Compensation Program ("VICP").[2]  Petition (ECF No. 1) Petitioner alleges that the influenza ("flu") vaccine she received on October 21, 2019, caused her to suffer a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *Id.*

On January 8, 2026, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 66).  Respondent denies that the flu vaccine petitioner received caused her to suffer SIRVA, or any other injury, or her current condition.  *Id.* at ¶ 6.  Nevertheless, maintaining their respective positions, the parties now agree that the issues between them settled and that a decision should be entered awarding petitioner compensation in accordance with the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website.  This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-1 *et seq.* (2023) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The stipulation provides:

1) **A lump sum payment of $12,500.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.**

   This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

JANIS BERSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

                Respondent.

No. 20-1660V
Special Master Gowen
ECF

**STIPULATION**

The parties hereby stipulate to the following matters:

1.  Janis Berson ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").  The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received a flu vaccine on October 21, 2019.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table following administration of the vaccine.  Petitioner further alleges that she experienced the residual effects of this condition for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf because of the alleged injury.

6.   Respondent denies that petitioner sustained a SIRVA Table injury; denies that the flu vaccine caused petitioner's alleged SIRVA, or any other injury; and denies that her current condition is a sequela of a vaccine-related injury.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. § 300aa-15(a):

A lump sum of **$12,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 21, 2019, as alleged in a petition for vaccine compensation filed on or about November 23, 2020, in the United States Court of Federal Claims as petition No. 20-1660V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/

4

Respectfully submitted,

PETITIONER:

*Janis K Berson*

Janis K Berson (Dec 16, 2025 11:18:41 CST)

JANIS BERSON


ATTORNEY OF RECORD FOR
PETITIONER:

Ronal Home by *Nathan*

RONALD C. HOMER    Rule 83.1(c)(2)
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990
rhomer@ccandh.com


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S.    Digitally signed by Jeffrey
Beach -S      S. Beach -S
              Date: 2025.12.10 14:52:46
              -05'00'                    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857


Dated: January 8, 2026


AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Heather Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

*Mary E. Holmes*

MARY E. HOLMES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-5339
Mary.E.Holmes@usdoj.gov


5